135 So.2d 669 (1961)
Morton QVISTGAARD-PETERSEN, Plaintiff-Appellant,
v.
Mrs. Elizabeth Hansard QVISTGAARD-PETERSEN, Defendant-Appellant.
No. 9605.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
*670 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for plaintiff-appellant.
Phillips, Risinger & Kennedy, Shreveport, for defendant-appellant.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is an action for a redetermination or modification of an award of alimony granted for the support of the two minor children, Jon and Michael, aged 11 and 13 years, respectively, issue of the marriage of plaintiff and defendant.
The award originally fixed through an agreement of the parties was approved in a judgment of divorce dated January 14, 1959. In the divorce, defendant was granted the custody of their children and awarded $400.00 per month for their support. Plaintiff, by rule in the instant proceeding, sought a reduction in the amount to $150.00 per month. The defendant, in answer to plaintiff's demands, sought an increase in the award to $885.00 per month.
Plaintiff's action for a reduction in alimony is predicated upon an alleged change in the needs of the minors in that the defendant, mother of the children, with whom they are living, has a large income and is equally responsible for their support. *671 The mother's claim to an increase in the award is based upon an alleged need in order that the minors may be maintained in the station of life to which they have been accustomed. Finding that no change has been effected in the condition of the parties, that is, as to the needs of the minors or as to plaintiff's ability to pay the alimony as previously determined, the demands of both husband and wife were rejected. Both have perfected devolutive appeals to this court.
Plaintiff and defendant separated in 1955. This suit was instituted November 4, 1957, based on two years' separation. At the time of, and for a period prior to, the filing of the present proceeding, plaintiff had an income in excess of $2,875.00 per month. Defendant's income was approximately $3,950.00 per month.
Filed in evidence on behalf of the defendant is a statement of actual expenses incurred over a 12-month period ending with the month of May, 1960. Some of the items are charged entirely to the minors while others are apportioned between the mother and the minors. The charges as allocated to the minors aggregated $10,920.08.
Plaintiff testified he had no complaint as to the standard of living the defendant was maintaining for the minors; nor did he think the expenditures were extravagant.
The evidence leaves no room for doubt that either party, plaintiff or defendant, is well able financially to support the minor children. Both apparently desire that the children receive adequate support and be provided the best opportunities in life.
Under the provisions of LSA-C.C. Art. 232, as interpreted by the Supreme Court in Holman v. Holman, 219 La. 138, 52 So.2d 524, an award of alimony previously fixed and determined is not subject to be discharged or to a reduction on a basis other than where the one owing the same can no longer pay or that the recipient is no longer in need of it, either in whole or in part. The article of the code referred to provides:
"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."
In the cited case, in a proceeding by a divorced husband to obtain a modification of an award of alimony to the former wife for the support of their minor son, where no change had been effected in the minor's needs or in the husband's ability to pay, a reduction in the award was held unwarranted.
The defendant wife maintains, however, that the limitations as to a discharge or reduction of alimony as prescribed in the aforesaid codal provisions are without application to a request for an increase in the award previously made. The basis for granting alimony is that the award shall be in proportion to the wants or needs of the person requiring it and the circumstances of those who are to pay it. LSA-C.C. Art. 231. Thus, it would appear that an inadequate award, for whatever reason, is always subject to modification and a redetermination on a basis of the needs of the party to receive it and the financial circumstances of the party who is to pay it. Conceding, however, the correctness of the proposition urged, the facts in the instant case do not, in our opinion, warrant or justify an increase in the award.
Nor do we find any merit in plaintiff's contention that the award should be reduced because of a mutual obligation of both husband and wife to support their minor children. That both parents are enjoined and obligated, by their very act of marriage, to support, maintain, and educate their children is not open to question. LSA-C.C. Art. 227. The wife's obligation was recognized in these cases: *672 First Natchez Bank of Natchez, Miss. v. Moss, 52 La.Ann. 1524, 28 So. 133; Black v. Black, 205 La. 861, 18 So.2d 321.
Nor does the wife's ability to respond to the minor's support, or an increase in her financial income, diminish or effect a change in the needs of the minors, or affect the ability or the responsibility of the father to pay.
After the parties have agreed upon the amount of alimony, as they did in the instant case, and a judgment has been rendered and signed fixing the amount payable by the husband, the right to a modification of the judgment to effect a discharge or reduction of the alimony must rest upon a change in the financial ability of the person required to pay the alimony, or upon a change of circumstances of those to whom the alimony is payable so that they are no longer in need of the alimony either in whole or in part.
In disposing of applications for rehearings filed on behalf of both plaintiff and defendant, the trial court very correctly and appropriately stated:
"We can find no good reason to change our former opinion, for the following reasons:
"(1) The alimony was agreed upon, although a partition of the property had not been perfected;
"(2) The parties at the time they agreed upon $400 per month, owned their respective interests in the community property;
"(3) Plaintiff's ability to pay the alimony agreed upon has not decreased;
"(4) The parties separated in 1955 and between that date and the date of the agreement fixing the alimony, we understand that Mrs. Q-Petersen had control of the children and maintained them, and that all bills for the operation of her household and the maintenance of herself and children were sent to the plaintiff and he paid them. Defendant knew what it cost to rear these children, and she agreed to accept $400 per month.
"(5) Judgments of the court should be maintained and not set aside unless it be shown that the ability of the party owing the alimony has been reduced, or that the needs of the person to whom alimony is due have decreased.
"(6) Furthermore, we are of the opinion that defendant has shown by the evidence in the record that the cost of maintaining these children in their former station of life has exceeded the $400 per month, which excess, together with the value of Mrs. Q-Petersen's service in caring for these two children, fully complies with her obligation under the law to support and maintain the children of the marriage."
From our review of the record, we find no error in the judgment appealed warranting its modification by either a reduction or an increase in the alimony awarded for the support of the minors. Under the circumstances, however, we are of the opinion that the cost should be divided equally between plaintiff and defendant.
Hence, the judgment appealed is modified to the extent that the cost, including the cost of the appeals, is assessed in equal proportions against plaintiff and defendant and otherwise, affirmed.
Affirmed.