GLADNEY, Judge.
The plaintiff and defendant were divorced by judgment dated April 27, I960, at which time support for their two minor children was fixed at $300.00 per month. Thereafter, on September 12, 1961, the divorced father sought by rule to have this monthly allowance reduced but his demand was denied. Again availing himself of the provisions of Article 232 of the LSA-Civil Code, Teague, by rule sought to have the support reduced from $300.00 per month to $80.00 per month, which rule was filed January 29, 1963. The trial court has again rejected his demands, and he has appealed.
The record as appealed includes by agreement of counsel all evidence and testimony tendered upon the trial of the .second rule, as well as that adduced upon the trial of the rule now under review.
Appellant at the time of the divorce was the owner and operator of the Four Corners Bar in Oil City, Caddo Parish, Louisiana. Upon trial of the rule filed September 12, 1961, he sought to show by the testimony of his bookkeeper a reduction .of his income. The bookkeeper admitted that he had not verified the figures given to him by Teague. In a written opinion rendered on the second rule, the trial judge discussed in detail the financial ability of Teague to pay alimony of $300.00 per month and declined to reduce the same on the ground that his financial condition had not materially changed since the first rule.
On trial of the rule now under consideration, evidence was introduced of what appears to be a friendly sale of the business. On January 3, 1963, without complying with the Bulk Sales Act, Teague sold to H. A. Killian for the sum of $4,736.40 the business originally purchased from him in 1954. Killian was the uncle of Mrs. Alice Eaton Teague, appellee herein. Teague testified that he used the money that he received from the sale to pay creditors and to repay Killian $2,847.55 on a chattel mortgage given August 24, 1961, after the business had started to fail. Also, Teague testified that shortly before filing this rule he paid $3,-152.45 to Otis Griffin, his present father-in-law, in satisfaction of a cash loan evidenced by a second chattel mortgage note executed on the same day as the note given Killian. Appellant was unable to produce bank records to corroborate this transaction. Teague testified that he is now working for Killian at the same place of business for $50.00 per week and that his present wife is also working there for $35.00 per week until Killian can find someone to replace them.
We think it is significant that appellant’s transactions invite suspicion forasmuch as he has retained possession of the business and pays his own salary and that of his present wife. The testimony discloses that Teague did not make a full statement of facts necessary to show that the alleged sale of his liquor store to Killian was a bona fide transaction. Manifestly, the trial judge in rejecting appellant’s request for a reduction in the amount of support for the two minor children was doubtful of the validity of Teague’s transactions and felt that his financial condition had not substantially changed. Error in this respect is not indicated by tire record.
A reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children, and judgments based upon the trial judge’s finding *597 of facts in a given case are entitled to great weight. See: Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949) and Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456 (1949).
For the reasons assigned, the judgment of the district court, dismissing appellant’s rule and rejecting his demands, is affirmed at appellant’s cost.