BARNETTE, Judge.
James F. Quaid, Jr., and Marie Hanemann were married on July 31, 1954. Five children were born of their marriage. One of the children requires special care. Since April 20, 1964, they have lived separate and apart. On May 18, 1966, a divorce was granted on the petition of the husband based on two years voluntary separation.
A stipulation was made by the husband (referred to in this opinion as plaintiff) that the wife (referred to in this opinion as defendant) was to receive alimony and child support. The plaintiff specified the amount of child support and other payments, and asked the court to grant same. Accordingly the judgment ordered child support in the sum of $110 per week; mortgage payments and repairs to the family home; tuition for the education of the children; $138 premium payments for life insurance on plaintiff’s life; liability insurance premiums on the automobile operated for the benefit of the minor children; $10 per month alimony in favor of defendant.
On March 17, 1967, plaintiff filed a rule for decrease in alimony and child support payments, and on April 11, 1967, defendant filed a motion to increase alimony payments and a motion to make arrearage payments executory.
Judgment was rendered dismissing plaintiff’s rule seeking a reduction in alimony and child support and defendant’s motion seeking an increase in alimony. Defendant’s motion seeking to make arrearage in alimony executory was granted with the arrearage set at $576.22.
From this judgment, both the plaintiff and defendant have appealed.
At the trial of these rules, the plaintiff, a practicing attorney, attempted to prove by his own testimony that his income since the date of the divorce has not been sufficient to pay the support and alimony under the divorce decree. He testified that his gross earnings for the year 1966 were $12,-593.37 and his net income for the year after office expenses was $3,935.29. He made no attempt to substantiate his testimony by introduction of documentary evidence, but was content to rely on his testimony alone.
The defendant, on her own behalf, and in order to rebut plaintiff’s testimony, subpoenaed and introduced statements of three separate bank accounts which plaintiff maintained during 1966. These were of little value, however, for plaintiff evidently made little use of these accounts, and in fact closed two of them less than two months after the divorce decree. Further, the record shows that the plaintiff did on occasion retain items of income without depositing them in these accounts, a fact which lessens any probative value which they might have had. The defendant, in addition, called as witnesses two attorneys with whom the plaintiff had practiced for *777 different periods of time during 1966. Neither was able to offer much in the way of evidence as to plaintiff’s total income since the divorce decree.
The trial judge was unimpressed with plaintiff’s attempts to prove his case simply by his own vague and unsubstantiated testimony. He stated in his reasons for judgment:
“ * * * His method of record keeping, leaves much to be desired, plaintiff occasionally having testified to earnings during a particular month from memory alone. Additionally, it appears that some fees received by plaintiff never were deposited to his account, the checks having been cashed without entry or notation other than plaintiff’s memory.
“Plaintiff, a practicing attorney, states that he agreed to the alimony provisions contained in the divorce decree in anticipation of an increase in income, which said increase did not materialize. The status of his practice and income normally expected to be derived thereby were known to plaintiff at the time of signing of the decree. The burden of proof is on plaintiff to show the change which would permit the Court to afford him the relief sought herein. * * * ”
Plaintiff testified that he kept no books, records, or accounts from which his income could be determined and was dependent entirely on memory and his bank statements of deposits and withdrawals. He contends in this appeal that the trial judge was in error in basing his decision upon his failure to keep and produce a set of office books. Indeed were this the basis for the judge’s decision we would agree that the decision was erroneous. Certainly a set of books is not the only instrument of proof by which a plaintiff can hope to succeed in an action such as this.
However, the plaintiff’s objection is an oversimplification of the trial judge’s position. It was the judge’s opinion that the plaintiff, as moving party in rule, bore the burden of proving that he could not meet his obligations under the divorce decree. The judge was of the opinion that the plaintiff who is an attorney could certainly not expect the court to rely solely on his testimony and the inadequate bank statements introduced by defendant as basis for granting the relief sought. With this we are in full agreement.
Plaintiff’s action is based upon LSA-C.C. art. 232:
“When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”
It is incumbent upon plaintiff to prove that either he cannot meet the financial burden which the divorce decree imposed upon him or that the recipients of the support, his wife and five children, are no longer in need of the full amount awarded them. Wilson v. Wilson, 205 La. 196, 17 So.2d 249 (1944); Qvistgaard-Petersen v. Qvistgaard-Petersen, 135 So.2d 669 (La.App. 2d Cir. 1961).
The plaintiff, knowing the burden which he would be called upon to discharge, when in anticipation of filing his petition for rule, should have prepared to discharge the burden of proof. This would have required nothing more than a relatively simple system of record keeping.
Defendant invites our attention to the case of Teague v. Teague, 157 So.2d 595 (La.App. 2d Cir. 1963). There, as here, a party cast for alimony and support payments in a' judgment of divorce sought by rule to have the support reduced on the basis of inability to pay. The court in that case was unimpressed with the evidence the mover in rule introduced, and stated:
“We think it is significant that appellant’s transactions invite suspicion foras-much as he has retained possession of the *778 business and pays his own salary and that of his present wife. The testimony discloses that Teague did not make a full statement of facts necessary to show that the alleged sale of his liquor store to Killian was a bona fide transaction. Manifestly, the trial judge in rejecting appellant’s request for a reduction in the amount of support for the two minor children was doubtful of the validity of Teague’s transactions and felt that his financial condition had not substantially changed. Error in this respect is not indicated by the record.” 157 So.2d at 596.
Here, while it is not our opinion that plaintiff has been guilty of misconduct in his attempt to convince this court of the necessity for reduction of support payments, nevertheless we simply believe that plaintiff has not adequately proven his case. Therefore his demand for reduction is denied.
We must also reject defendant’s corresponding appeal for an increase in the nominal $10-per-month alimony awarded- in the divorce decree. The issue of fault was never settled in the original proceeding. The divorce was granted to plaintiff on his showing that he and his wife lived separate and apart for more than two years. Alimony was awarded to defendant solely as a matter of consent by her husband, and there was no admission by him that she was without fault. Thus for defendant to obtain an increase in the amount awarded her, she must first show that she was without fault in causing the divorce itself. This she has not done; thus her demand must be denied. LSA-C.C. art. 160.
Finally we turn to the part of the trial judge’s decision which granted Mrs. Quaid’s demands to make arrearage in support payments executory. Mr. Quaid has not specifically mentioned that part of the judgment in his brief or argument before this court, nevertheless he has appealed from the entire decree and it is before us in toto. As stated previously, the trial judge found the amount of arrearage at the time of trial to be $576.22 and made executory this amount. In this he was simply complying with the express terms of LSA-C.C.P. art. 3945, in which we find no error.
For the foregoing reasons the judgment of May 29, 1967, denying plaintiff’s request for a reduction in the amount of alimony and child support payments; denying defendant’s request for an increase in alimony; and granting defendant’s request to make alimony arrearage executory in the amount of $576.22, is affirmed. The plaintiff-appellant James F. Quaid, Jr., is charged for all costs of this appeal.
Affirmed.