CULPEPPER, Judge.
Pierce Phillips Newman, Jr. filed a rule against his former wife, Emma Ruth Newman, to show cause why the alimony in the sum of $200 per month previously awarded to her in a divorce judgment should not be reduced or terminated. The alleged basis for the rule is that Mrs. Newman has sufficient means for her maintenance. After a trial on the merits, the district judge terminated the alimony to Mrs. Newman. She appealed.
The issues on appeal are: (1) Was there a binding stipulation or agreement that both parties reserved the right after the divorce judgment to later seek a change in the alimony award of $200 to Mrs. Newman, “without regard to whether there has been any change in the circumstances of the parties”? (2) Must Mr. Newman show a change of circumstances? (3) If Mr. Newman must prove a change in circumstances, does the evidence show such a change ?
The general facts show that in October of 1968 Mrs. Newman filed a suit for separation from Mr. Newman on the grounds *566 of abandonment. At the trial of the suit for separation on November 13, 1969, a previously executed stipulation of the parties was filed in evidence consenting to alimony in the sum of $200 per month for Mrs. Newman. In that stipulation, each party reserved the right to later seek a change in this alimony award “without regard to whether there has been any change in the circumstances of the parties.” The judgment of separation dated November 13, 1969 approved the stipulation and awarded the alimony to the wife.
After the judgment of separation, but before divorce, the parties entered into a community property settlement whereby Mrs. Newman received assets totaling about $56,000.
At the hearing for divorce on June 21, 1971, on the grounds of living apart for one year since the judgment of separation, the following stipulation was entered into the record by Mr. Godwin, counsel for Mrs. Newman, and Mr. Jacques, counsel for Mr. Newman:
“MR. GODWIN: No, Your Honor, the reconventional demand solely concerns the custody, visitation and support, and we are able to now stipulate that the' — • that there be provisions for custody, support and visitation in accordance with the formal decree which has been approved by both counsel.
“THE COURT: Is that satisfactory, Mr. Jacques?
“MR. JACQUES: Yes, Your Honor.
“THE COURT: You may proceed.”
The formal decree of divorce dated June 21, 1971 states in pertinent part:
“ . . . the stipulation of the parties concerning alimony and child support is approved and the petitioner, PIERCE PHILLIPS NEWMAN, JR. is condemned to pay unto defendant, EMMA RUTH NEWMAN, the sum of TWO HUNDRED and 00/100 ($200.00) DOLLARS per month as alimony for her support . . . ”
Neither in the oral stipulation entered by counsel at the divorce hearing, nor in the formal divorce decree approved by them, is there any reservation by the parties of the right to later seek a change in the alimony award without showing a change of circumstances.
On May 8, 1973, Mr. Newman filed the present rule to reduce or terminate the alimony after divorce in the sum of $200 per month to .Mrs. Newman, on the grounds that she has sufficient means for her maintenance. At the trial of the rule, the evidence showed that in the division of community property after separation, but before divorce, Mrs. Newman received assets of approximately $56,000. At the time of trial of the present rule, her assets had decreased to the sum of $53,161.07. The trial judge noted that this shows little change in Mrs. Newman’s financial situation after the judgment of divorce, except that the amount of her cash has increased by about $7,000, principally because of the payments made by Mr. Newman on a note that was given to her at the time of the property settlement.
The district court recognized the jurisprudential rule that an award of alimony, previously fixed and determined, is not subject to reduction unless a change of circumstances is shown in the person obligated to pay or the person to whom the payments are made, Holman v. Holman, 219 La. 138, 52 So.2d 524 (1951); Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); McNeill v. McNeill, 223 So.2d 709 (4th Cir. 1969); Zara v. Zara, 204 So.2d 76 (4th Cir. 1967); Jones v. Floyd, 154 So.2d 604 (3rd Cir. 1963).
However, the district judge followed Moore v. Moore, 256 So.2d 782 (4th Cir.1972) which held that the above stated *567 rule, requiring a change of circumstances be proved, does not apply where the previous alimony award was entered pursuant to an agreement of the parties. Applying Moore, the district judge held that no change of circumstances need be shown. He then concluded the divorced wife has sufficient means for her maintenance, LSA-C.C. Article 160, and the alimony award for her support was terminated.
After the district judge decided the present case, our Supreme Court expressly overruled Moore v. Moore in its decision in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). In Bernhardt, the divorced husband filed a rule against his former wife to reduce or terminate a previous alimony award rendered pursuant to consent of the parties. After expressly overruling Moore, the court held:
“Relator’s consent to the payment of alimony is of consequence only to the extent that such consent is tantamount to a judicial admission on his part of his wife’s right to receive alimony, i. e., her freedom from fault and her necessitous circumstances. Having acknowledged judicially his wife’s right to receive alimony, relator will not now be heard to complain that proof of an element requisite to the granting of alimony was not made.
“[5] It was encumbent upon relator to prove a change in respondent’s circumstances, or his own, from the time of the divorce decree to the time of the rule to an extent that further alimony reduction was warranted, other than that already allowed by the trial and appellate courts.”
Counsel for Mr. Newman argues that the Bernhardt case is distinguished from the present matter in that here we have a stipulation between the parties that each reserves the right, after the divorce judgment, to seek a change in the alimony award without regard to whether there has been a change in the circumstances of the parties. In resolving this issue, the first question which we must decide is whether as a fact there was such a stipulation as to the divorce decree.
It is true that before the judgment of separation was signed on November 13, 1969, the parties executed a stipulation that alimony in the sum of $200 per month would be paid to Mrs. Newman but that each party reserved the right to later seek a change in this alimony award “without regard to whether there has been any change in the circumstances of the parties.” This agreement executed by the parties before the judgment of separation was invalid, as a prohibited contract between husband and wife, LSA-C.C. Articles 1790 and 2446. There may be some question as to whether the agreement was ratified and given legal effect by the provision in the judgment of separation that the stipulation was “approved”. Nevertheless, regardless of any effect which could have been given to the written stipulation entered into before the judgment of separation, we conclude from the record that this stipulation is not the same as that entered into between the parties at the time of the judgment of divorce.
The above quotation from the stipulation of counsel entered into the record at the hearing for divorce, states that counsel had entered into a stipulation “in accordance with the formal decree which has been approved by both counsel.” The formal decree provides for alimony of $200 per month for Mrs. Newman, but there is no reservation by either party as to the right to later seek a change in this alimony decree without showing a change in circumstances.
A factor supporting our finding that there were two stipulations, one at the time of the separation and another at the time of the divorce, is that at the time of the *568 separation the parties had not yet entered into a community property settlement. Each party apparently desired to reserve the right to seek a change in the alimony award after the community property settlement was completed and it was determined how much Mrs. Newman would have for her maintenance. But at the time of the divorce proceedings, the community property settlement had been made, and Mrs. Newman had received approximately $56,000. At the time of the divorce, the parties knew how much she had for her maintenance, yet they agreed that she would receive $200 per month alimony. And, this amount was actually paid and received for approximately two years following the judgment of divorce, before the present rule for termination was filed.
Having concluded as a fact that there was no stipulation at the time of the divorce reserving to the parties the right to later seek a change in the alimony without showing a change in circumstances, we do not reach the question of the legal effect of such a stipulation if one had been made.
We conclude that the Bernhardt case is controlling here. Under that case, Mr. Newman’s consent to the payment of alimony is tantamount to a judicial admission on his part of his wife’s necessitous circumstances. He cannot later seek to reduce or terminate that alimony without showing a change in circumstances. As stated above, the record shows no change.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant in rule, Mrs. Emma Ruth Newman, rejecting the demands of the plaintiff in rule, Pierce Phillips Newman, Jr., at his costs. All costs of this appeal are assessed against Mr. Newman.
Reversed and rendered.