289 So.2d 277 (1973)
Anicet LAICHE
v.
Estelle B. LAICHE.
No. 9604.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 15, 1974.
Writ Refused April 26, 1974.
*278 Patsy McDowell Cooper, Baton Rouge, for appellant.
Walton J. Barnes, II, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
BLANCHE, Judge.
Judgment was rendered by the trial court ordering plaintiff husband, Anicet Laiche, to continue paying $40 per month as alimony to his former wife, Estelle B. Laiche,[1] and eliminating all child support payments, after the trial of the following rules and cross rules: (1) a "Rule to Eliminate Support for Minor Child" filed by plaintiff husband; (2) a "Cross Rule" for an increase in alimony from $40 to $150 filed by defendant wife; and (3) a "Cross-Cross Rule" filed by plaintiff husband on the date of trial seeking the dismissal of the Cross Rule and judgment eliminating alimony payments to his wife. Thereafter, an application for new trial was filed and heard, and the trial judge subsequently rendered judgment affirming his prior judgment awarding $40 a month alimony to defendant wife.
Plaintiff has appealed from this judgment, contending the trial judge erred in granting alimony to defendant under the circumstances of the case. That portion of the judgment eliminating child support payments, however, is not contested on appeal, as the last child of the marriage has now reached the full age of majority.
Plaintiff argues that his former wife has sufficient and proper means for her maintenance, as she earns over $400 per month, she is buying a late model car (a 1970 Ford Maverick), she has sufficient credit to obtain a $3,000 loan, she has an interest in succession property, and her daughter pays one-half of the utility bills, et cetera. Plaintiff makes special mention that the $40 which he has been required to pay is the amount of the car note which his wife owes for a late model car.
The burden of proof is entirely upon the plaintiff husband to demonstrate a significant change in the financial condition of either himself or his wife so as to justify a reduction in the alimony which the former court order required him to pay.[2] In Quaid v. Quaid, 206 So.2d 775 (La.App. 4th Cir. 1968), the burden of proof imposed upon plaintiff is stated:
"It is incumbent upon plaintiff to prove that either he cannot meet the financial burden which the divorce decree imposed upon him or that the recipients of the support, his wife and five children, are no longer in need of the full amount awarded them. Wilson v. Wilson, 205 La. 196, 17 So.2d 249 (1944); Qvistgaard-Petersen v. Qvistgaard-Petersen, 135 So.2d 669 (La.App. 2d Cir. 1961)." (Quaid v. Quaid, 206 So.2d 775, 777)
This brings us to the question of the proof adduced at trial. There was *279 some evidence that plaintiff's circumstances had improved, as he had received a raise in salary since the last judgment of court. However, the record does not reflect the financial circumstances of defendant wife at the time of the last judgment of the trial court fixing alimony payments to her in the sum of $40 per month. The only evidence adduced concerned her economic circumstances at the time of the trial of the rules heretofore enumerated. There was no evidence to show how her circumstances might have varied from the time alimony was last fixed by the court. In any event, the evidence adduced disclosed the necessitous circumstances of defendant wife because the sums expended for her maintenance exceeded her income, and to that extent her circumstances had not changed. Her ability to borrow $3,000 from the bank to repair the house in which she lived has not rendered her circumstances any less necessitous, nor is there any showing that her interest in the succession of her parents has contributed anything to her support. Her income averaged between $56 to $65 per week (or about $224 to $260 per month), while her expenses for clothing, food, housing, laundry, medical care and transportation amounted to approximately $315 per month.
In Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973), relator in that case argued, as does plaintiff husband in the instant case, that if his wife were entitled to alimony at all, she would only be entitled to alimony for her maintenance, meaning primarily food, clothing and shelter. In commenting on what items constituted maintenance, the Court stated:
"* * * Common sense dictates that the term `maintenance', while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability, generated by the alimony payments made to the former wife. * * *" (Bernhardt v. Bernhardt, 283 So.2d 226, 229)
For the above and foregoing reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.
NOTES
[1] In Laiche v. Laiche, 231 So.2d 647 (La. App.1st Cir. 1969), another panel of this Court affirmed an earlier judgment of the trial court awarding monthly alimony of $40 to the defendant wife in a matter involving these same parties.
[2] The Family Court of the Parish of East Baton Rouge fixed the alimony payments of $40 per month complained of on appeal by judgment dated October 28, 1968.