EDWARDS, Judge.
Vivian Jones Daigle was granted a separation from Herbert Daigle on July 24, 1962. At that time she was awarded custody of the three minor children of the marriage. Alimony for support of herself and the children, previously agreed upon in the amount of $275.00 per month, was continued in the separation judgment.
On November 26, 1963, Herbert Daigle was awarded a divorce from Vivian Daigle on the ground of having lived separate and apart for a period of two years. Custody of the children was continued in Mrs. Daigle, and the alimony and child support remained the same.
On June 1,1966, Mr. Daigle filed a rule to reduce alimony. Although the record does not contain the judgment on the rule, the Court evidently reduced the alimony to $200.00 per month.
On May 27, 1975 Mr. Daigle filed a rule to terminate alimony and child support. Mrs. Daigle then countered with a rule to make past due alimony executory. After trial of the rules judgment was rendered (a) terminating child support as of May 27, 1975; (b) awarding Mrs. Daigle the sum of $900.00 for past due alimony; and (c) reducing alimony for the support of Mrs. Diagle to $75.00 per month.
On appeal, Mr. Daigle contends the trial court erred in granting Mrs. Daigle judgment on the arrearage and in refusing to terminate alimony due Mrs. Daigle.
Although the judgment signed by the trial court states that the alimony ar-rearage was computed from June 1, 1965 through February, 1976, it is clear from the transcript that the trial judge computed the arrearage from the time Mr. Daigle ceased paying the $200.00 per month, which was May 27, 1975. The Court stated:
“The Court is going to order that the defendant is in arrears at the rate of $100.00 per month since May of 1975 when he ceased paying the $200.00. The child at that time became of age and the wife is not entitled to collect for the child and prorate the support at $200.00, $100.00 to the child and $100.00 to the wife.
The Court orders that he pay the ar-rearage of $100.00 per month up until this date.”
The $900.00 awarded as arrearage correctly reflects nine months of non-payment (June, 1975 through February, 1976) at $100.00 per month.
The trial court also reduced the alimony for support of the wife to $75.00 per month. Appellant contends it was error to refuse to eliminate this alimony completely.
The evidence adduced at the hearing on the rule shows that the wife has a current net salary of $425.00 per month. Her current monthly expenses totaled $656.83. Appellant argues that only food, clothing and shelter expenses are to be considered in determining the needs of the wife, and that the wife’s expenses herein included unnecessary items. However, in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) the Court recognized that:
“Common sense dictates that the term ‘maintenance’, while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife.”
See also Laiche v. Laiche, 289 So.2d 277 (La.App. 1st Cir. 1974). From a perusal of the expenses listed by the wife, we are *1268 convinced that at least $600.00 thereof is necessary for her maintenance.
Since the 1966 reduction, the wife has purchased a $12,179.00 house for which she yet owes $4,700.00. On the other hand, her savings' of $6,500.00 in 1966 have been reduced to $4,100.00 at present.
Mr. Daigle’s expenses in 1966 were $533.00 per month; his present expenses are $1,163.50 per month. In 1975, Mr. Dai-gle grossed $10,630.00; and his present wife, $6,350.00. There is no evidence in the record of his income in 1966.
It was incumbent upon Mr. Daigle to prove a change either in his former wife’s circumstances or in his own, from the time of the earlier rule in 1966, that would warrant the relief sought, i. e., a termination of alimony for the wife. See Bernhardt, supra.
The wife is in no better situation now than in 1966: her necessary expenses each month exceed her net income by more than $150.00. Additionally, her savings have been reduced by $2,400.00 in the last 10 years. Thus she remains in necessitous circumstances. Laiche, supra.
Relative to Mr. Daigle’s circumstances, his expenses are greater now than in 1966. However, there is no evidence of his income in 1966 with which to compare his present income. It may be that his income has increased so as to offset his increased expenses. His was the burden of showing a change in circumstances sufficient to warrant the termination of alimony for the wife. He has failed to meet this burden.
The trial court has much discretion in determining alimony, and we find no abuse of that discretion herein.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.