BOUTALL, Judge.
This is an appeal by Mrs. Carol Taylor Scherer, former wife of Douglas Scherer from a judgment terminating post-divorce alimony payments of $600.00 per month. Her main contention is that there was no showing of a material and substantial change of circumstances of the parties in order to warrant the termination.
This litigation began with a separation suit by Mrs. Scherer during which she was awarded $1,800 per month as alimony pen-dente lite. After considerable litigation between the parties, divorce was granted on April 22, 1975, with Mrs. Scherer reserving her right to demand permanent alimony. *924 In July 1975 she filed a motion to set permanent alimony at that rate, alleging her husband has refused to pay since the divorce decree. A consent judgment was rendered on August 21, 1975 which, amongst other things, ordered Douglas Scherer to pay $600.00 per month beginning August 8, 1975 “until Carol Taylor Scherer remarries or departs this life”. On January 28, 1977, Mr. Scherer filed a rule to show cause why the alimony should not be terminated or in the alternative reduced. A judgment of termination resulted on June 30,1977, “terminating, this day and forever thereafter, the post litem alimony”. This appeal followed.
The trial judge gave no reasons for judgment, and we cannot tell with certainty whether his judgment was based upon a change in material circumstances, whether he concluded that Mrs. Scherer was not in necessitous circumstances, or both. We conclude that there has been no material and substantial change of circumstances such as to warrant revocation, and we reverse.
In the case of Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) the court held that a consent alimony provision constitutes an award previously fixed and determined, and is not subject to adjustment or modification absent proof of a substantial change in the circumstances of the parties from the date of the rendition of the alimony judgment to the time of the trial of the rule demanding an adjustment or modification. Although the record in this case does show a change in circumstances, they are not substantial enough to support a decree of termination. The changes here are an increase in the former husband’s income from $30,000 to $60,000 per year, his remarriage and a change in Mrs. Scherer’s tax liability for income taxes from previous years. The salary increase and remarriage are evident; the tax liability requires further explanation.
The Scherers were entitled to a refund from their 1972 Income Taxes and in 1973 Mrs. Scherer received 2 checks payable to both parties, one in the amount of $9,232.69 from the Federal Government and one for $1,154.54 from the State of Louisiana. The parties were negotiating the cashing of these checks. In 1974 the Federal Government issued a Federal tax lien against Mrs. Scherer in the amount of $13,719.24 for unpaid 1973 taxes. During this time Mr. Scherer was paying alimony pendente lite of $1,800 per month with other benefits, and this was adjusted to omit the other benefits after hearing on May 24, 1974. The consent alimony judgment of $600.00 was rendered on August 21, 1975, and on January 19, 1976, Mrs. Scherer signed an acceptance of overassessment and the tax lien was reduced to $3,808.00. The handling of the tax refund checks and the subsequent tax lien assessment apparently caused the parties considerable difficulties and at trial time, with the aid of the court, the parties finally determined that the refund would be split 50/50, and that Mrs. Scherer’s half would be used to pay her tax assessment and she would keep the surplus. The trial took place over a period of months, and it was discovered that the Federal Government had finally decided that no taxes were due from Mrs. Scherer and cancelled the assessment. Based on this, Mr. Scherer argued that there was in excess of $5,000 coming to Mrs. Scherer which would provide her income for at least a year. We can only speculate whether the trial judge accepted this as additional means of Mrs. Scherer and a change in circumstances so as to terminate alimony. The wording of the judgment however does not reflect that he considered such a temporary measure. In any event, the case was kept open to introduce additional evidence, and we are finally told in brief that the refund checks were not so apportioned. Mr. Scherer gave to Mrs. Scherer one half of the state check, but the United States check was deposited in a joint account of both parties, apparently it being considered that it was a community asset and subject to division between the parties only when the community property partition between them is to be made at some future time. Under these circumstances, it is difficult to perceive how a combination of the refund *925 checks and tax assessments can be considered as “means” of Mrs. Scherer available to her for her maintenance and support.
In addition to that matter, Mr. Scherer points out that Mrs. Scherer had received an increase in salary from her employment as an interior decorator with Maison Blanche. Mrs. Scherer insists that she began employment with Maison Blanche in June, 1975, shortly prior to the alimony judgment, and that she is still employed at the same rate. We are not told the precise date her employment began. As shown by her 1975 Federal Tax Return she earned $2,485.00 from Maison Blanche for the balance of that year. Her 1976 return shows earnings of $5,398.00 or $450.00 per month. Mr. Scherer would divide her 1975 earnings by 7 months showing a monthly salary of $355.00 or an increase at the present of $95.00 per month. Mrs. Scherer contends that there was no increase, and it is apparent that a six month division into the 1975 earnings would approximate $414.00 per month, a difference of $36.00 per month. Whether we consider the difference to be $36.00 or $95.00, this difference cannot serve to terminate $600.00 per month completely.
Mr. Scherer also introduced into evidence proof showing that Mrs. Scherer owned considerable personal property, such as furs, jewelry, silverware, antiques and art objects which he contends total some $48,000 in value. The record shows that substantially all of these articles were owned by Mrs. Scherer prior to the previous judgment of alimony, and consist of gifts to her by her husband, her father and members of the family, and other types of acquisition. Mrs. Scherer contends that these items have less than half of that value, but we are not concerned in fixing the value with preciseness, inasmuch as there has been no change in her condition, she having owned them previously.
Considering all of these items, we are of the opinion that there has been no showing of a material change such as to support termination of alimony under the rationale of Bernhardt v. Bernhardt, supra. Nevertheless, we have examined into these items in an effort to determine whether, in total, they may be such as to demonstrate non-entitlement to support from Mr. Scherer on the theory that perhaps he was not aware of the true value of these items. In this respect we have referred to the cases of Bazzell v. Bazzell, 289 So.2d 202 (La.App. 1st Cir. 1973); Laiche v. Laiche, 289 So.2d 277 (La.App. 1st Cir. 1974); Fisher v. Fisher, 320 So.2d 326 (La.App. 3rd Cir. 1975); O’Brien v. O’Brien, 308 So.2d 333 (La.App. 1st Cir. 1975); Newman v. Newman, 293 So.2d 565 (La.App. 3rd Cir. 1974) and Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir. 1976). Comparing the circumstances in those cases with the circumstances in these cases, and considering the principles followed therein, we are of the opinion that the trial judge erred 'in terminating the alimony, and we order reinstatement of the alimony.
Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that the judgment appealed from is reversed and there is now judgment in favor of Mrs. Carol Taylor Scherer and against Douglas Scherer ordering the reinstatement and payment by Mr. Scherer of alimony at the rate of $600.00 per month pursuant to the alimony judgment rendered on August 21, 1975. All costs of these proceedings shall be borne by appellee.

REVERSED AND RENDERED.