GARRISON, Judge.
This case involves a judgment to eliminate alimony awarded pursuant to a divorce judgment where the husband-obligor has subsequently suffered a reduction in circumstances.
Joyce Compton Harrington, plaintiff-appellant and Robert Leonard Harrington a/k/a “Reverend Bob” Harrington were married on January 17, 1947. Two children were born of the marriage, both of whom are majors. On November 12, 1976, Joyce Compton Harrington filed for separation on grounds of cruel treatment. In December, the parties were judicially separated and alimony pendente lite in the amount of $2,750.00 per month was awarded.
On February 3, 1978, Mrs. ■ Harrington filed a rule to make past due alimony exec-utory. No alimony had been paid since rendition of the December judgment. Shortly thereafter, Mr. Harrington made payment in the full amount due.
On March 21, Mrs. Harrington again filed a rule to make past due alimony executory. In response thereto, Mr. Harrington moved to reduce alimony pendente lite. Three days later, Mrs. Harrington moved to increase the alimony awarded in December. Additionally, she filed a rule for contempt and to set aside a transfer of community property, alleging that Mr. Harrington had violated the temporary restraining order and preliminary injunction preventing him from disposing of community property when he transferred royalty interests to “The Ministry of Bob Harrington, Inc.” in February of 1978. She further requested an accounting.
On April 6 the trial court ordered Mr. Harrington to pay the past due alimony. On April 10 he presented to plaintiff two checks, one of which was dishonored for insufficient funds. On April 18 Mrs. Harrington filed a rule for contempt and the past due alimony.
On June 12 she again petitioned the court to make executory alimony past due since May.
On August 24, 1978 the district court rendered a judgment of divorce, finding Robert Harrington at fault and condemning him to pay alimony in the amount of $900.00 per month. In January of 1979 the husband filed a rule to eliminate all alimony. After a hearing, the district court rendered a judgment eliminating alimony which we now affirm.
Appellant contends that her former husband failed to meet his burden of proof in establishing a significant change in the financial condition of either party. We do not agree.
Under our jurisprudence, the burden is upon the party moving to reduce to show change in the respective financial conditions of either party so as to justify a reduction in the alimony which the former court required him to pay. Wilson v. Wilson, 205 La. 196, 17 So.2d 249 (1944); Qvist *961 gaard-Peterson v. Qvistgaard-Peterson, 135 So.2d 669 (La.App. 2nd, 1961); Quaid v. Quaid, 206 So.2d 775 (La.App. 2nd, 1968); Rachal v. Rachal, 250 So.2d 560 (La.App. 1st, 1971); Daigle v. Daigle, 339 So.2d 1266 (La.App. 1st, 1976); Mancuso v. Mancuso, 352 So.2d 359 (La.App. 4th, 1977). We agree with the trial court’s determination that the burden was met by the evidence presented by Mr. Harrington.
Appellant contends that Mr. Harrington’s failure to produce tax returns for “The Ministry of Bob Harrington, Inc.” constitutes sufficient grounds to overturn the trial court’s decision. We note that the corporation in question is a non-profit tax-exempt organization which is not required to file tax returns. It is elementary that a man cannot be required to produce that which has never existed. Where the other evidence presented by the moving party is sufficient to establish changed circumstances, the absence of tax returns for a nonprofit tax-exempt corporation is not sufficient to overturn the trial court’s judgment.
Accordingly, the judgment of the district court is affirmed.

AFFIRMED.