216 So.2d 386 (1968)
Eugene VESTAL, Defendant in Rule, Appellant,
v.
Virgie F. VESTAL, Plaintiff in Rule, Appellee.
No. 2522.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
*387 Donald Soileau, Mamou, for plaintiff-appellant.
Tate & Tate, Paul C. Tate, Mamou, for defendant-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
In November 1967 the wife was awarded judicial separation from her husband, with alimony for her support being fixed at $80 per month. This appeal arises from subsequent proceedings whereby the wife, as plaintiff in rule, obtained an increase in the monthly alimony to $100. The husband, defendant in rule to fix alimony, perfected a timely appeal. The wife answers the appeal requesting a greater increase.
The sole issue before this court is whether the trial court committed error in increasing the alimony to $100 per month. The husband contends no increase is justified,[1] while the wife contends that the alimony should have been increased to $200 per month.
The general rule in alimony matters is that a party subsequently seeking a modification of an initial award has the burden of proving justification for the change due to an alteration in the financial condition of one of the parties. Holman v. Holman, 219 La. 138, 52 So.2d 524; Quaid v. Quaid, La.App.4th Cir., 206 So.2d 775; Keneson v. Madeley, La.App.3d Cir., 185 So.2d 868; St. Julien v. LeBlanc, La.App. 3d Cir., 146 So.2d 296; Qvistgaard-Peterson v. Qvistgaard-Peterson, La.App.2d Cir., 135 So.2d 669.
In the present case, the wife has adequately proved a change in circumstances entitling her to an increase. She underwent surgery in February, 1968. She has thus incurred this additional debt. At the same time, because of 6-12 months' residual disability (proved by medical testimony), she will be unable as formerly to supplement her income by part-time irregular employment as a nursing aide.
Both parties complain about the amount awarded. As is not unusual, the amount awarded is insufficient for the proven needs of the wife.[2] At the same time, the payment by the husband will be a burden entrenching upon his own needs,[3] for one *388 salary now must help support two households.
After a judicial separation and until a judgment of final divorce, a wife is entitled to alimony for her support proportioned to her needs and to the means of her husband. LSA-Civil Code Art. 148. The trial court is vested with much discretion in fixing the amount of alimony, and his award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in his factual appreciations. Street v. Street, La. App.2d Cir., 205 So.2d 839; McMath v. Masters, La.App.3d Cir., 198 So.2d 734. Finding no such abuse or error, we will not disturb the District Court judgment increasing the wife's alimony to one hundred dollars monthly.
Accordingly, the trial court judgment is affirmed at the cost of the husband-appellant.
Affirmed.
NOTES
[1] In brief the husband argues that the appellate court should decree that the wife, being allegedly self-supporting, is not in need of any alimony whatsoever. However, the only relief sought by formal pleading in the trial court was by his answer to the rule which sought only the dismissal of the wife's demand for an increase to $100.
[2] Her testimony itemizes these at $212 per month.
[3] His testimony itemizes these at $475. His gross annual salary was proved to be $7,733, with a take-home pay of $507 monthly. As is usual, some exaggeration is seen in the testimony of both spouses as to their own respective needs.