GULOTTA, Judge.
This is an appeal from a judgment rendered May 1, 1970, awarding alimony pen-dente lite for the support of plaintiff-ap-pellee, Anna Nagy Kramer, wife of Edmund Charles Kramer, Jr., and two minor children, ages 10 years and 13 months, in the sum of $350 per month. An additional award was given to plaintiff-appellee in the sum of $129 per month toward the retirement of the mortgage on the family home, the occupancy of which was also granted to plaintiff-appellee.
Plaintiff-appellee filed suit for separation from bed and board. In this suit she also sought injunctive relief to prevent the defendant from disposing of, eliminating or encumbering the community assets and further sought temporary care, custody, and control of the minor children as well as alimony pendente lite for herself and the children.
From the judgment awarding alimony pendente lite, defendant-appellant took a devolutive appeal.
The question presented for review is whether or not the trial judge abused his discretion in setting an excessive award for alimony pendente lite. The pertinent provision applicable is LSA-C.C. art. 148.
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
Appellant claims that the trial judge based the alimony award on gross earnings and did not take into consideration necessary deductions for payment of federal and state income tax and social security and further that the trial judge erred in that he failed to deduct from appellant’s income the amount permitted to be deducted as de *813 predation for income tax purposes. Thus appellant contends that the trial judge should have assessed alimony based on the net income after deductions were allowed for taxes, social security, and depreciation. Appellant accordingly seeks a reduction in alimony of $150 per month.
The testimony and exhibits, including the income tax returns of the appellant, reflect that the adjusted gross income of appellant in 1969 amounted to $11,473 including $184.72 from Mustang Amusement Company and other employment. The adjusted gross income includes income only after depreciation is taken. It appears, therefore, that the trial court considered appellant’s total income only after depreciation was deducted. Appellant’s gross income from Mustang Amusement Company was $5,136.50. However, according to the tax returns, the net after depreciation and other deductions amounted to the sum of $184.72, which amount was included in the calculation of $11,473 as the adjusted gross sum of appellant’s income.
The trial court in well considered and well written reasons concluded that the defendant-appellant had earnings of at least $1,000 per month. This finding is not inconsistent with the record but, on the contrary, is substantiated by the testimony. The reasoning was as follows:
“The defendant-husband earns his living in the amusement-machine field. From his principal employer, he earned $11,-190.00 for the year 1969, which figure divided by 12 months gave him a gross monthly income of $932.50 per month. From the testimony of his employer, it appears that defendant now earns $400. gross every two weeks. Thus $400. for 26 weeks averages between $866.00 and $877.00 per month gross.
“The defendant also has a small amusement machine business of his own, called Mustang Amusement Company, which showed, according to his 1969 tax return, gross receipts in the amount of $5136.50 and a net profit of only $184.72. In examining this return, such as the $1072.00 taken for depreciation on the five amusement machines and one truck, the Court concluded that defendant earned a net amount of between $100.00 and $150.00 per month from this owned business. Thus, grouping this amount with his above mentioned monthly salary, defendant’s gross income per year is at least $12,000.00 or $1,000.00 per month. * * * ”
In determining the amount of alimony, the trial judge considered the wife’s testimony of her normal needs in caring for herself and her two children in addition to an allergic condition of the younger child requiring plaintiff-appellee to incur more than usual medical expenses.
The trial court is vested with much discretion and broad latitute in fixing the amount of alimony. Its judgment will not be disturbed where there is no clear abuse of this discretion or unless there is manifest error in the trial judge’s factual findings. Vestal v. Vestal, 216 So.2d 386 (La. App. 4th Cir. 1968); Street v. Street, 205 So.2d 839 (La.App.2nd Cir. 1968), rehearing denied January 11, 1968.
After considering the entire record and evidence herein, we are of the opinion that the trial judge did not abuse his discretion or commit manifest error. Accordingly, the judgment of the trial court is affirmed.
Affirmed.