306 So.2d 756 (1975)
Dominick Philip GENNARO
v.
Mrs. Janet Louise Gouner, wife of Dominick Philip GENNARO.
No. 6569.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
Rehearing Denied February 13, 1975.
Writ Refused April 18, 1975.
Dennis M. Ferrara, New Orleans, for plaintiff-appellant.
Reed, Reed & D'Antonio, Floyd J. Reed, Metairie, for defendant-appellee.
Before LEMMON, STOULIG, and MORIAL, JJ.
MORIAL, Judge.
Plaintiff appeals from a judgment increasing support payments for three minor children to $45.00 per week, plus $5.00 per week to be credited to past due alimony.
Prior to the judgment appealed, a "consent" judgment was entered on August 16, 1973 on defendant's rule to make past due alimony executory, for an increase in alimony and for contempt. The "consent" judgment made executory past due alimony in the amount of $5,000.00, ordered the plaintiff to pay $35.00 per week for the support and maintenance of three minor children, plus $5.00 to be applied to the past due alimony. During the contradictory proceedings on the defendant's rule to increase she testified:
Q Is there any change?
A Yes.
Q What is the change now?
A The increase in the cost of living. The fact that I was not heard in Court the last time I came, the fact that I consented to nothing.
Q Has that changed in your income or expenses since today as compared to August 16th?
A Judge Early didn't hear me last time.

*757 Q Is there a change in circumstances from today as compared to August 16th?
A Yes, today I am here.
In alimony and child support matters the litigant requesting an adjustment in a prior award must prove a change in the financial condition of either one of the parties. McNeill v. McNeill, 223 So.2d 709 (La.App. 4 Cir. 1969); Vestal v. Vestal, 216 So.2d 386 (La.App. 3 Cir. 1968); Zara v. Zara, 204 So.2d 76 (La.App. 4 Cir. 1967). This rule also applies where the award in a "consent" judgment is sought to be modified. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
At the time of her rule to increase, it was incumbent on the defendant to prove a change in plaintiff's circumstances, of her own, from the time of the "consent" judgment to warrant an increase in child support.
An increase in the "costs of living" affects equally both parties. The inflationary increase in the "costs of living" alone is not the change in financial condition contemplated by the jurisprudential rule.
Defendant's employer testified that his average net earnings per week are $126.19. The defendant testified that, "* * * up to about three weeks ago * * *" he earned an additional $20.00 to $30.00 per week from part time employment. The record does not reflect the plaintiff's earnings nor expenses at the time of the "consent judgment in which the child support of $35.00 per week was agreed upon. Further, the record is devoid of sufficient evidence to show that the defendant's financial circumstances or the needs of the minor children have changed since the "consent" judgment.
Upon the conclusion of the contradictory proceedings on defendant's rule the district court stated:
"No use in increasing this. If I raise it five or ten dollars, what is the good of that? But, I will increase it just to do something. I will increase his alimony by ten dollars a week. Make him pay fifty dollars, including that five dollars. I will dismiss the contempt action."
Apparently, from the record and the foregoing statement the district court erroneously determined the child support as it would have done in making an initial award. The district court awarded an increase on some basis other than a change in the financial circumstances of either party or a change in the needs of the minor children.
Past due alimony having previously been made executory, the district court was powerless to enter a judgment providing for a method of payment by the judgment debtor.
The judgment of the district court is reversed, and it is now ordered that the rule to increase be dismissed. All costs of this appeal are to be paid by the defendant.
Reversed.
LEMMON, J., concurs specially and assigns reasons.
LEMMON, Judge (concurring specially).
The record supports our judgment, based on prior jurisprudence. Yielding to the authority of the jurisprudential rule established in earlier cases, I respectfully state my reason for disagreement in this separate opinion.
Res judicata ordinarily prevents a trial judge from later reconsidering, for example, a credibility resolution of conflicting factual testimony in negligence cases, even if after further reflection he is convinced his initial decision was erroneous. But a judgment awarding child support does not acquire the authority of the thing adjudged. Of course, the underlying reason for this exception is that such an award should be modified as circumstances *758 changed on either side. Nevertheless, a support award is usually based on a trial judge's "feeling for fairness", reached after hearing guesses by witnesses as to needs, etc. in testimony given shortly after a marital split.
I concede the utility of a rule which in most cases would only allow reconsideration of a previous decision awarding support when there has been a change of circumstances. I personally oppose, however, an inflexible rule that the trial judge can never reconsider such a decision, particularly when the custodial parent is able to present more reliable evidence of needs after having attempted to support the children on the amount previously allotted.[1]
The obvious contrary argument is that the courts will be flooded with reconsideration requests. To this I answer that if trial judges almost never change previous support awards, there will be no appreciable increase in litigation. My complaint is not that trial judges should change such awards more frequently, but that they have no power to ever do so.
NOTES
[1] In the present case the determinative factor was not need, but ability of the father to pay.