322 So.2d 401 (1975)
Jacob E. FAKOURI, Plaintiff-Appellee,
v.
Patricia PERKINS, Defendant-Appellant.
No. 5183.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
J. Minos Simon, Lafayette, for defendant-appellant.
Sandoz, Sandoz & Schiff, by Lawrence B. Sandoz, Jr., Opelousas, for plaintiff-appellee.
Before MILLER, WATSON and CUTRER, JJ.
CUTRER, Judge.
Patricia Perkins, plaintiff in rule, filed the present Rule ordering her former husband Jacob E. Fakouri, defendant in rule, to appear and show cause why he should not be ordered to pay her alimony under LSA-C.C. article 160 and increased child support, and, further, why he should not be held in contempt of court for failure to *402 pay child support as previously ordered by judgment of the court. Following a hearing on the matter, judgment was rendered by the district court recalling and annulling the Rule. Mrs. Perkins' requests for alimony and increased child support were denied. We affirm the judgment.
The parties were married September 3, 1960. They were judicially separated by judgment signed December 10, 1971. Subsequently, the defendant in rule filed suit for a divorce, the basis for which was their continued separation for more than two years following the judicial separation. Plaintiff in rule answered the petition and filed a reconventional demand for alimony in the amount of $400.00 per month and child support in the amount of $250.00 per month for each of the three children born of the marriage. During the trial on the merits, at which time it was stipulated that plaintiff in rule was not at fault, a list of expenses was filed into the record by the plaintiff in rule which reflected total monthly expenses for her in the amount of $865.10. The testimony of the defendant in rule indicated a yearly net income of $4800.00 from his business and a yearly gross income of $2000.00 from rents. Other testimony of the defendant in rule, however, reflected a schedule of debt liquidation which indicated a much higher income than he admitted. Using these factors as a guide, the trial judge, in granting the divorce, granted the plaintiff in rule child support in the total amount of $400.00 per month and denied her permanent alimony under LSA-C.C. article 160. That judgment was not appealed.
The present Rule was filed May 20, 1974, and the hearing took place June 7, less than one year after the original judgment of divorce and child support was rendered.[1] After a hearing was held, the requests of the plaintiff in rule were denied on the finding of the trial judge that there had been no change of circumstances since the rendition of the previous judgment which would justify a change in the award.
On appeal plaintiff in rule contends only that the trial judge erred in failing to award alimony under the circumstances of this case. We find that under the jurisprudence of this state the trial judge did not commit error in denying alimony and an increase in child support to the plaintiff in rule.
It is important to note that we are here concerned, not with an appeal of an initial determination of alimony and child support, but with a subsequent Rule to show cause why a previous award should not be changed. The jurisprudential rule governing such requests is that a change of circumstances must be proved to warrant a change in the prior award. Gennaro v. Gennaro, 306 So.2d 756 (La. App. 4th Cir. 1975); Vestal v. Vestal, 216 So.2d 386 (La.App. 3rd Cir. 1968). In his reasons for judgment on the Rule, the trial judge stated that he found no change in the circumstances that would warrant a change in the original award. It is well established in our law that the trial court's judgment fixing alimony and/or child support will not be disturbed unless there is a clear showing of abuse of discretion. Johnson v. Johnson, 293 So.2d 213 (La. App. 3rd Cir. 1975). We conclude after reading the record that there was no error in his determination that there has been no change of circumstances since the original award was made that would justify modification of the previous award. The contention that the cost of living is much higher than it was when the original award was made is not a basis for change. An increase in the "costs of living" affects equally both parties. Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975).
For the reasons assigned, the judgment of the district court is affirmed at plaintiff in rule-appellant's costs.
Affirmed.
NOTES
[1] The contempt issue was abandoned at the trial court level after the delinquent payment was made by the defendant in rule.