BOUTALL, Judge.
This is an appeal by Byron Patrick Jordan from an adverse judgment of alimony and child support in which the trial court dismissed his motion to reduce and granted his former wife’s motiqn to increase alimony and child support.
First it is necessary to outline the procedural posture of the case. In a previous suit, Mrs. Jordan had sued her husband for a separation from bed and board and in connection therewith was awarded a judgment based on abandonment, granting her custody of the three minor children, and fixing alimony. In subsequent alimony rules, on March 4, 1974, the court fixed alimony and child support for the wife and children at the rate of $750.00 per month and required the husband to continue in effect hospitalization and medical insurance policies he carried for their benefit.
The present suit, filed some five months after that judgment, is a petition by the husband for divorce upon the basis of two years separation. To this Mrs. Jordan reconvened alleging the prior judgment of separation and the lapse of a period of more than one year from rendition of that judgment. On trial on the merits, Mrs. Jordan was allowed to prove up her re-conventional demand, and it was agreed that the alimony fixed in the previous separation case be continued in the judgment of divorce. Subsequently, Mrs. Jordan filed a rule nisi for an increase in the amount of alimony and child support, and Mr. Jordan countered with a rule for a decrease. After trial of these rules the court on January 5, 1975 rendered the judgment appealed from. In that judgment the amount of alimony was raised from $750.-00 per month to $900.00 per month, the sum to be divided as follows:
$300.00 per month as alimony for Mrs. Jordan and $200.00 per month each as child support for the three minor children. In addition Mr. Jordan was ordered to pay major medical expenses of Mrs. Jordan (defined as hospital costs and doctors’ fees for surgery, or those costs incurred during hospital confinement), and further to keep in full force and effect the policy of hospitalization insurance insuring the minor children. The rule to decrease filed by Mr. Jordan was dismissed.
Appellant first complains to us that the increase in alimony for Mrs. Jordan should not have been granted because there has been no material change in circumstances since the previous award of alimony. We note that the last judgment of alimony was the consent judgment of September 26, 1974 and that the only change that has occurred from that time to the present rules is that Mr. Jordan has remarried, and his former wife has been eliminated from the hospitalization insurance policy. Because of this circumstance, caused by the coverage agreement afforded in the company policies available to Mr. Jordan, the trial judge properly changed the requirement in the prior judgment of affording hospitalization insurance to the requirement that Mr. Jordan pay for the hospitalization expenses of his former wife, which are shown to be necessary by the evidence in the record. The marital status change has no effect upon the children and the original policy remains in effect for them.
However, we believe it to be error to increase the sum of alimony and child support from $750.00 to $900.00. The record does not show any valid reason for granting this increase and exhibits no particular change in circumstance from the time of the consent judgment of September 26, 1974. We further note, although that judgment is not before us, that there was no change all the way back to the litigat *631 ed judgment of March 4, 1974 upon which the September judgment was based.
We stated in the case of Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir.1975), the following rule:
“[1] In alimony and child support matters the litigant requesting an adjustment in a prior award must prove a change in the financial condition of either one of the parties. McNeill v. McNeill, 223 So.2d 709 (La.App. 4 Cir. 1969); Vestal v. Vestal, 216 So.2d 386 (La.App. 3 Cir. 1968); Zara v. Zara, 204 So.2d 76 (La.App. 4 Cir. 1967). This rule also applies where the award in a ‘consent’ judgment is sought to be modified. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).”
Under the facts contained in this record, we find no justification for increasing the award, and accordingly, we reduce the amount awarded to its original sum, that is $750.00 per month. However, we note that in the original judgment the judge did not separate the amounts awarded there, but now has divided those amounts between the former wife and children. We see nothing wrong with such a division and accordingly we simply reduce the separate amounts awarded in the proportionate amount of i/£ each to wit: For the wife $250.00, for the oldest child $167.00, and the other two children $166.50 each.
Proceeding now to the rule to reduce filed by the husband, it appears that he has suffered a reduction in income in the year 1974 compared to 1973, and the record indicates that this continued in 1975.[1] However this change in income occurred prior to or during February 1974, and we see no change in his status since that time except that he has remarried, and that his present wife has a child. However, his testimony indicates that the expenses he testified to before the court did not contain any amount which may be due to the remarriage or be considered for the support of his new wife and child. Indeed, it appears that he has borrowed some money from her in order to keep up his present mode of life. We find the proof necessary to obtain a reduction lacking, and we affirm the dismissal of his rule to reduce by the trial judge.
For the reasons above assigned, it is ordered that the judgment appealed from is amended only to reduce the amount of alimony awarded from $900.00 per month to the sum of $750.00 per month as previously fixed, to be apportioned $250.00 per month for the support of Lula Mae Staples Jordan, $167.00 per month for Byron P. Jordan, Jr., and $166.50 per month each for Paul W. Jordan and Lorie A. Jordan. In all other respects, and as thus amended, the judgment is affirmed. The costs of this appeal shall be divided equally between appellant and appellee.

Amended and affirmed.

. Additionally, the record raises some inference that Mr. Jordan, either through his new corporate acquisition, or through some business relationships with his father, may be able to manipulate his income to show a reduction. The proof necessary to support such a conclusion is quite inadequate.