344 So.2d 1077 (1977)
Erlene Neal VANIER, Plaintiff and Appellant,
v.
Jimmy Dale VANIER, Defendant and Appellee.
No. 5847.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
*1078 Philip A. LeTard, Vidalia, for plaintiff-appellant.
James H. Brown, Jr., Ferriday, for defendant-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
CULPEPPER, Judge.
The wife, Erlene Neal Vanier, appeals those portions of a judgment of divorce which reject her demand for permanent alimony and award her child support in the sum of only $150 per month for three minor children.
On July 7, 1976, the wife filed a petition for divorce on the grounds of the husband's adultery. She also filed a rule for alimony pendente lite, for child custody and for child support. The trial court rendered judgment on the rule awarding the wife custody of the three minor children of the marriage, all boys between the ages of 9 and 12. In addition, the court awarded the wife alimony pendente lite in the amount of $100 per month and set child support at $300 per month. This provisional custody, alimony and child support judgment was rendered on July 21, 1976 with the husband's consent.
On October 5, 1976, the trial court rendered judgment granting the wife a divorce based on the husband's adultery and awarded her the custody of the three minor children of the marriage. However, the divorce judgment set child support at a total of $150 per month, and the wife's demands for permanent alimony were rejected.
First, we must determine whether the trial court abused its discretion in denying the wife permanent alimony. In pertinent part, Article 160 of the Civil Code provides:

*1079 "When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when: (1) The wife obtains a divorce; . . . ."
Mrs. Vanier obtained the divorce and there is no evidence that she was at fault. Therefore, the only questions regarding her entitlement to alimony after divorce are whether Erlene Vanier had "sufficient means for her support", and whether the husband had property or earnings with which to pay alimony.
Alimony after divorce is awarded only if the wife proves she had insufficient means for her maintenance. Maintenance includes only the basic necessities of life, such as food, clothing and shelter. The earnings of the wife are considered "means" for her support. Ward v. Ward, 339 So.2d 839 (La.1976).
Plaintiff in the present case failed to prove she was in necessitous circumstances. The record shows plaintiff earned over $300 per month from her job, and did not have to make payments on the home where she lived with her children, nor did she have to make payments on her car. Under these circumstances, Erlene Vanier had sufficient means to provide the basic necessities of life. Therefore, the trial court did not abuse its discretion in rejecting alimony after divorce.
Plaintiff argues the trial court should not have awarded her less alimony after divorce than the $100 which was awarded as alimony pendente lite because the husband failed at the divorce trial to prove the circumstances of either party had changed. In support of this argument, the wife cites Jordan v. Jordan, 325 So.2d 629 (La.App. 4th Cir. 1976). In Jordan, the court stated the following rule:
"In alimony and child support matters the litigant requesting an adjustment in a prior award must prove changes in the financial condition of either one of the parties. McNeill v. McNeill, 223 So.2d 709 (La.App. 4th Cir. 1969); Vestal v. Vestal, 216 So.2d 386 (La.App. 3rd Cir. 1968); Zara v. Zara, 204 So.2d 76 (La. App. 4th Cir. 1967). This rule also applies where the award in a `consent' judgment is sought to be modified. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973)." (Emphasis supplied)
When the court awards less alimony after divorce than was awarded pendente lite, it is not "adjusting" a prior alimony award, but is instead making a new award based on different considerations. Under Article 160, permanent alimony is in the nature of a pension. Alimony pendente lite, LSA-C.C. Article 148, on the other hand, is based on the husband's obligation to support his wife during marriage. If the husband's "means" are sufficient he must pay alimony pendente lite in an amount sufficient to maintain the wife in a style comparable to that which she enjoyed before the separation. Ward v. Ward, supra. Since permanent alimony and alimony pendente lite are quite different, a lower award of alimony after divorce need not be supported by proof of a change in the circumstances of the parties.
Child support is a different matter. The husband's obligation to support the children of the marriage is the same before final divorce as it is afterwards. Therefore, the rule from Jordan v. Jordan, quoted above, is applicable, and the husband must show a change in circumstances to justify a reduction in child support payments.
In the present case, the husband introduced no evidence to indicate the circumstances of the children had changed since he consented to a judgment ordering him to pay $300 per month for their support pending the divorce trial. The husband's consent to payment of the provisional child support is tantamount to a judicial admission on his part that the needs of his three children were at least $300 per month. See Bernhardt v. Bernhardt, supra.
We think an award of $150 per month is far below the amount necessary to support three young boys, and amounts to an abuse of the trial court's discretion. At *1080 a minimum, we think $300 per month is necessary for the support of the three children. The husband earns between $750 and $1,200 per month, and will not be unreasonably burdened by child support payments in the amount of $300 per month. Therefore, we will amend the judgment of the trial court to increase the total amount of child support from $150 to $300 per month.
For the reasons assigned, the judgment of the trial court is amended to increase the total amount of child support payments from $150 to $300 per month. Otherwise, the judgment is affirmed. The costs of this appeal are assessed against the appellee.
AFFIRMED, AS AMENDED.