365 So.2d 527 (1978)
Gwendolyn Batten HYAMS, Plaintiff-Appellant,
v.
Harry HYAMS, Defendant-Appellee.
No. 6713.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Rehearing Denied January 10, 1979.
*528 Brittain & Williams, Jack O. Brittain, Natchitoches, for plaintiff-appellant.
Gahagan & Gahagan, R. E. Gahagan, Natchitoches, for defendant-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
On June 8, 1976, by judgment of the Tenth Judicial District Court Harry Hyams was ordered to pay $450.00 per month for the support of his minor child, Catherine Webb Hyams. On February 15, 1978, Mr. Hyams filed a motion seeking a reduction in child support payments to $250.00 per month, alleging that there had been a change in his circumstances. Mrs. Hyams reconvened for an increase to $670.00 per month, alleging that the needs of the child had increased beyond her means since the previous award had been made.
The trial court rendered judgment reducing the amount which Mr. Hyams would have to pay for the support of his child to $300.00 per month, rejecting Mrs. Hyams' reconventional demand. Appellant, Mrs. Hyams, appeals this reduction, alleging that Mr. Hyams offered no evidence at the hearing on the motion to support his contention that his financial circumstances had actually changed. Appellant does not on appeal question the dismissal of her reconventional demand for an increase in support.
In his oral reasons for judgment, the trial judge concluded that:
". . . in June of `76 Mrs. Hyams was making sixteen thousand three hundred dollars . . . a yearnow she's making nineteen thousand, six hundred dollars a year plus some travel expenses of approximately nineteen hundred in 1977. Mr. Hyams has had a reduction, not so much in his basic pay from the City of Natchitoches and from the State's supplementary, but from the National Guard, and (sic) that he is not receiving what is called a commander's pay . . .Considering the inflation that we are presently undergoing . . . the Court will reduce the amount of . . . child support from four fifty to three hundred dollars per month . . ."
The trial court is vested with much discretion in fixing the amount of alimony, and such award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in his factual appreciations. Vestal v. Vestal, 216 So.2d 386 (La.App. 3rd Cir. 1968).
The record does not indicate whether the original judgment setting the child support award was a consent judgment. However, the jurisprudence is clear to the effect that even if the original judgment was based upon an agreement between the parties, any modification of the judgment must be predicated upon a change in the circumstances of one of the parties. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
It is the burden of the litigant requesting an adjustment in a prior award to prove that such a change in the financial circumstances of one of the parties has taken place. Bernhardt, supra; Vanier v. Vanier, 344 So.2d 1077 (La.App. 3rd Cir. 1977).
Examination of the record reveals that Mr. Hyams offered no evidence to support *529 his allegation of a change in his financial situation, and that consequently the trial court abused its discretion when it reduced his monthly child support payments.
According to the record, when the original child support award was fixed, Mr. Hyams was earning $1050.00 per month, or $12,600.00 per year from the City of Natchitoches. He was also receiving $175.00 per month, or $2100.00 yearly in the form of supplemental pay from the State of Louisiana. At the time of the hearing on his motion for a reduction in his child support obligation, the record indicates that he was earning $1,175.00 per month, or $14,100.00 per year from the City of Natchitoches, and $200.00 per month, or $2400.00 yearly by way of supplemental pay from the state. Therefore, since the date of the original child support award, Mr. Hyams' salary has increased by $150.00 per month, or $1,800.00 per year from the above named sources.
Mr. Hyams contends that while he was employed by the National Guard at the time of the original award, and continues to be so employed, he has received a demotion. He further contends that the result of this demotion was a reduction in his salary, which has adversely affected his financial situation so as to constitute a change in circumstances. This change, he argues, warrants a reduction in his child support payments. The record before us does not substantiate appellee's contentions.
In 1977, prior to Mr. Hyams' demotion, he received a net salary from the National Guard of $3,649.25. This figure was based upon monthly allocations and compensation for participation in summer camp. Following the demotion, Mr. Hyams' monthly allocations were $290.48, or $3,485.76 per year for the present year. He is also entitled to receive $1,148.67 for his participation in this year's summer camp. Therefore, Mr. Hyams' gross income from the National Guard will be approximately $4,634.43[1] this year. Based upon the above figures, appellee's gross income from the National Guard since his demotion will EXCEED his net income prior to the demotion by approximately $1,000.00. This year's figure will necessarily be reduced by withholding taxes, however, the record clearly indicates that Mr. Hyams' income from the city, the state, as well as the National Guard will in each case still be greater this year than it was when the original award was fixed, his National Guard demotion notwithstanding.
Mr. Hyams has remarried since the original child support award was made. His second wife is employed, earning approximately $625.00 per month. Such income from a second spouse is likewise properly considered in evaluating the means of a parent to support a child of a former marriage. Parent v. Parent, 327 So.2d 576 (La. App. 1st Cir. 1976), writ refused April 13, 1976.
Insofar as the trial court found that appellee's income has decreased since the original child support was set, we find that conclusion to be manifestly in error.
The trial court also found that Mrs. Hyams' income had substantially increased in the last two years. The record does indicate that in 1976 appellant's salary was approximately $16,300.00 per year, while her present yearly income is $19,600.00, reflecting an increase of $3,300.00 per year since the original support award was made. However, the record also indicates that Catherine, the minor child, has just started high school, and that Mrs. Hyams is paying $929.40 for the child's tuition. The needs and wants of a teenage girl just beginning high school are necessarily greater and more costly than the needs of a girl of twelve. Therefore, while Mrs. Hyams' means have increased in the last two years, so have the needs of the child. A child support award must reflect both of these factorsthe child's needs and the financial circumstances of those who must provide them. La.C.C. 231.
*530 Insofar as the trial court recognized an increase in Mrs. Hyams' income without offsetting such increase with the increased needs of the child, we find the trial court erred.
The final basis given for reducing appellee's child support payments was the role which inflation played upon his circumstances. Such a conclusion is likewise manifestly erroneous. The fact that the cost of living is higher now than it was when the original award was made is not properly a basis for reducing that award. An increase in the costs of living affects equally both parties. Fakouri v. Perkins, 322 So.2d 401 (La.App. 3rd Cir. 1975); Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975).
For the above reasons, we reverse the judgment of the trial court insofar as it reduces the monthly child support payments due by Mr. Hyams for the support of Catherine Webb Hyams to $300.00, and order that his motion for a reduction in child support be dismissed. All costs of this appeal are to be paid by appellee.
REVERSED AND RENDERED.
NOTES
[1] This figure does not include any compensation appellee would receive for clothing or expenses.