417 So.2d 67 (1982)
Danny W. BASS, Plaintiff-Defendant-in-Rule-Appellant,
v.
Marsha V. BASS, Defendant-Plaintiff-in-Rule-Appellee.
No. 82-33.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
Broussard, Bolton & Halcomb, Daniel E. Broussard, Jr., Alexandria, for plaintiff-defendant-in-rule-appellant.
Charles F. Wagner, Pineville, for defendant-plaintiff-in-rule-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
Defendant-in-rule, Danny W. Bass, appeals from a judgment of the trial court increasing an award of child support to plaintiff-in-rule, Marsha V. Bass.
Marsha V. Bass and Danny W. Bass were at one time married to each other and are the parents of two minor children, Shannon, age 7 and Ashley, age 5. Marital relations between the parties broke down in the year 1978 resulting in a judgment of separation from bed and board. The aforesaid judgment *68 awarded custody of the two children to Marsha. Additionally, she was awarded $200.00 per month in alimony pendente lite and $200.00 per month for the support of the parties' two minor children. By a judgment dated January 9, 1980, the parties were divorced. This judgment awarded permanent custody of the minor children to Marsha, and in addition, by consent of the parties, Marsha was awarded $200.00 per month in child support. On July 16, 1981, Marsha filed the instant rule seeking an increase in the award of child support previously fixed. The district court rendered judgment in favor of Marsha granting an increase in child support from $200.00 per month to $400.00 per month. It is this judgment from which defendant-in-rule now appeals. Plaintiff-in-rule has neither answered the appeal nor appealed from the aforesaid judgment.
The issue presented for consideration is the correctness of the trial court's judgment increasing the award of child support from $200.00 to $400.00 per month.
A review of the testimony in the record reveals that since their divorce, both Marsha and Danny have remarried. Both parties testified at trial regarding their present income and expenses. Marsha stated that her expenses have significantly increased since the time of the original consent judgment. In this regard, she testified that her rent has increased from $75.00 to $240.00; food costs have risen from between $250.00-300.00 to between $300.00-350.00; utilities have increased from $70.00-130.00; transportation costs have risen from a negligible amount to more than $250.00; the children's medical and dental expenses have increased to some degree and now average between $25.00-50.00 per month; and, the cost of the children's school lunches has risen from $12.00-24.00 since both are now in school. According to an affidavit submitted in connection with her testimony, the total monthly expenses for Marsha and her family, including her two children, amounts to the sum of $1,195.00. This affidavit reflects the total gross family income to be the sum of $1,060.00, however, this affidavit does not include as income the $200.00 per month child support which plaintiff-in-rule receives. Plaintiff testified that she was not working at the time of the parties' divorce and she is not presently employed. Thus, plaintiff's sole source of income with the exception of defendant's child support payments is the salary of her second husband.
Danny Bass stated that since his remarriage, he and his second wife have had a child who, at the time of trial, was eleven months old. Defendant verified that his gross income for the years 1979 through 1981 was $23,261.83, $24,568.42, and $16,706.98 (this last figure represents the first eight months of the year 1981), respectively. Defendant stated that his financial condition has changed for the worse since his divorce. In this regard, he testified that although he has received a $.71 per hour raise since that time, the hours which he is permitted to work have been decreased. According to Mr. Bass's testimony and an affidavit submitted in connection therewith, his gross monthly income averages $2,000.00 and his total monthly expenses amount to $1,665.22. Mr. Bass testified that his living expenses have increased appreciably since his divorce as a result of his remarriage. The record contains no evidence which would suggest that the expense itemizations of either of the parties are exaggerated.
On appeal, defendant-in-rule maintains that in order for the courts to modify a previously-fixed child support award, the record must clearly reflect a change in circumstances. In this regard, defendant-in-rule avers that it is the burden of the party seeking a change in such award to establish such a change in circumstances, and that, in the instant matter, plaintiff-in-rule has failed to sustain her burden of proof.
At the outset, we observe that the trial court is vested with much discretion in fixing the amount of alimony and/or child support and such award will not be disturbed on review unless there has been a clear abuse of discretion or manifest error in the trial court's factual appreciations. *69 Vestal v. Vestal, 216 So.2d 386 (La.App. 3rd Cir. 1968); Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir. 1978).
In Howell v. Howell, 391 So.2d 1304 (La. App. 4th Cir. 1980), our brethren of the Fourth Circuit in discussing the modification of awards of support stated:
"The Louisiana jurisprudence establishes that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973); Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir. 1978). This rule applies to child support awards as well as alimony awards. Laird v. Laird, 363 So.2d 244 (La.App. 4th Cir. 1978); Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975). The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Bernhardt, supra. The party requesting a modification of a support award bears the burden of proving a change in the financial condition of one of the parties. Cole v. Cole, 338 So.2d 152 (La.App. 2d Cir. 1976); Rachal v. Rachal, 250 So.2d 560 (La.App. 1st Cir. 1971). Finally, the jurisprudence clearly establishes the rule that an award of alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975); Fakouri v. Perkins, 322 So.2d 401 (La.App. 3rd Cir. 1975)."
See also: Hyams v. Hyams, supra; Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 197 (La.1978); Ducote v. Ducote, 339 So.2d 835 (La.1976); Stolier v. Stolier, 357 So.2d 1334 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 621 (La.1978); Swider v. Swider, 314 So.2d 372 (La.App. 4th Cir. 1975).
Our review of the jurisprudence reflects that, almost without exception, our courts have refused to either increase or decrease a previously-fixed alimony and/or child support award absent a showing that there has been a substantial change in the circumstances of either the party receiving such award or the party obligated to pay the same although the wisdom of rigidly applying such a rule, especially in the case of consent judgments fixed without judicial intervention, has been questioned. See Quistgaard-Petersen v. Quistgaard-Petersen, 135 So.2d 669 (La.App. 2d Cir. 1961); see Judge, now Justice, Lemmon's concurrence in Willis v. Willis, 355 So.2d 999 (La. App. 4th Cir. 1978), writ denied, 356 So.2d 1389 (La.1978). In the aforecited concurring opinion in the Willis case, Judge Lemmon, within the context of a rule to discontinue LSA-C.C. Art. 160 alimony awarded to an ex-spouse, stated:
"When estranged spouses agree to an alimony figure without judicial intervention, this agreement should be regarded as a trial setting, entitled to extremely great weight if later questioned, but not entitled to the absolute status of a judicial admission (which is not usually the intention of the parties).1 Under the Bernhardt case an oversolicitous (or underrepresented) spouse who later determines that he or she was too generous in the agreement, has no practical recourse for a substantial period of time. The net result is to discourage alimony settings by consent and to promote distasteful litigation (and in cases of alimony pendente lite such unnecessary litigation often forecloses any chance of reconciliation).
The preferable procedure, in my opinion, is to allow the trial judge (who exercises vast discretion in this area) the discretion to reconsider alimony awards previously set by consent, if the motion makes out a case for reconsideration. Allowing sparing use of discretion will not open flood gates of litigation, while easing the inflexible rule absolutely prohibiting reconsideration will prevent injustice such as occurred in the present case." (footnote omitted) *70 We agree with Justice Lemmon that a strong argument can be made for a less rigid application of the "change of circumstances" rule in instances where an alimony or child support award has been fixed via a consent judgment and it is evident that there has been overreaching by one of the parties to the consent judgment and/or where such award is grossly inadequate or excessive. Although we question, as have other courts, the rigid application of the aforesaid rule, we conclude that the matter before us does not present a case where the child support award as previously-fixed by consent of the parties is grossly inadequate. Thus, it is upon the plaintiff-in-rule to establish that there has been a change in circumstances which mandates a modification of the prior award.
The record does establish that the living expenses of the children have increased somewhat since the parties were divorced. The record likewise establishes, however, that Marsha, who at the time of the divorce was unemployed and presumably without any finances, is now in a position, by reason of her second marriage, to contribute to the support of her children. Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954); Connell v. Connell, 316 So.2d 421 (La.App. 3rd Cir. 1975), writ granted, 321 So.2d 362, 331 So.2d 4 (La.1976). In contrast, the evidence establishes that defendant-in-rule's financial condition has worsened. The raise in his salary is negligible, especially in light of his uncontroverted testimony that his working hours have decreased. He has increased financial obligations and two additional dependents. In connection with this latter our court in Meyers v. Bohrer, 176 So.2d 3 (La.App. 3rd Cir. 1965) stated:
"Counsel for appellee, in brief, states that the primary obligation of the father is to support, maintain and educate his children from his first marriage, and, although he has a right to remarry, he may not be allowed to assert the second marriage as a basis for relief of the obligation he owes his children of his first marriage. Laiche v. Laiche, 237 La. 298, 111 So.2d 120. This is a correct statement of law. Nevertheless, the necessary living expenses of a remarried father may be taken into consideration as one of the items in fixing alimony to a child or children born of the first marriage. Harris v. Harris (La.App., 3 Cir., 1961), 127 So.2d 747."
The above being considered we conclude that the evidence fails to establish such a change in the children's needs or the defendant-in-rule's ability to pay as would warrant an amendment of the latter's previously fixed child support obligation. The increased needs of the children are not shown to be substantial and are clearly offset by plaintiff-in-rule's recently acquired ability to contribute to their support. Thus, we determine that it was clear error for the trial court to increase the previously fixed child support award.
The only other issue for consideration concerns an evidentiary ruling by the trial court in which the presentation of testimony regarding plaintiff's alleged motivation for filing the present matter was disallowed by the trial judge. Having already concluded that the trial court was in error in increasing the award of child support, we conclude that even if such ruling was error, it was harmless error. Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3rd Cir. 1975), writ denied, 313 So.2d 598 (La.1975).
For the above and foregoing reasons, the judgment of the trial court increasing the child support award owed by defendant, Danny W. Bass to plaintiff, Marsha V. Bass from $200.00 per month to $400.00 per month is reversed and set aside and plaintiff's rule is dismissed with prejudice. All costs at the trial level and on appeal are taxed to plaintiff, Marsha V. Bass.
REVERSED AND RENDERED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
I agree with this reversal. I am inclined to disagree however with the statement of Judge Lemmon contained in his concurring *71 opinion in Willis, of which reference is made in the majority opinion here.
My impression is that consent alimony and child support payments generally result only after the parties have pretty well figured out their respective situations and needs. Those agreements usually evolve into a fair bargain, designed and intended for permanency, unless of course, a change of circumstances intervenes.
Accordingly, I feel that whether the judgment is by consent or judicial intervention, the jurisprudential "change of circumstances" rule should be applied with equal rigidity.