PER CURIAM.
Appellant, Bridgette Butcher Watkins, brings this appeal from a judgment denying alimony pendente lite.
Our decision in the case of Whipple v. Whipple, 424 So.2d 263, which was consolidated for hearing with this instant case, holds that the claimant spouse’s earning capacity is one factor which may be considered by the trial court in determining whether alimony pendente lite should be awarded to that spouse. Based upon our holding in Whipple, we find that the trial court properly considered Mrs. Watkins’ earning capacity.
In its reasons for judgment, the trial court made the following findings:
“... [t]he court finds that while the husband in this present case has sufficient funds over and above his expenses to pay an amount to support his wife; that his wife is in good health, has a high school education, and has no children to care for. There is therefore no impediment to her obtaining gainful employment and providing for her own support. There is some evidence that she has made some attempts to find employment. However, the court does not feel that these attempts are sufficient to establish the fact that she is unable to find employment.”
Because appellant has not caused the testimony taken at the rule for alimony pen-dente lite to be transcribed, we can only assume from the trial court’s written reasons for judgment that the evidence heard by the trial court supports its factual conclusion that Mrs. Watkins has the capacity to earn a living and support herself and that she failed to prove that she is unable to find employment. Thus, we cannot say that this conclusion by the trial court is manifestly erroneous and the trial court’s finding in this regard will therefore not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs, both on the rule and on appeal, are to be paid by plaintiff-appellant, Bridgette Butcher Watkins.
AFFIRMED.
*270 SHORTESS, J., dissents and would remand. See concurrence in Whipple v. Whipple, 424 So.2d 263.