462 So.2d 1333 (1985)
Sandra Ann LOPEZ, Plaintiff-Appellee.
v.
Frank J. BREAUX, Defendant-Appellant.
No. 84-46.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
*1334 Reule P. Bourque, Kaplan, for defendant-appellant.
Broadhurst, Brook, Mangham, Hardy & Reed, Wayne A. Shullaw, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
The defendant in this suit for divorce appeals the judgment of the trial court insofar as it awards his former wife permanent alimony in the sum of $125.00 per month and child support in the amount of $375.00 monthly.
Frank J. Breaux and Sandra Ann Lopez were married on February 15, 1974. One child was born of the marriage, Frank J. Breaux, Jr. Sandra obtained a separation from bed and board on the ground of cruel treatment by default judgment dated June 10, 1982. This judgment awarded custody of Frank, Jr., to the plaintiff and ordered the defendant to pay $300.00 per month in child support. This judgment contained no provision requiring payment by defendant of alimony pendente lite. On December 16, 1982, plaintiff filed the instant suit seeking a divorce pursuant to La. R.S. 9:302.
Defendant answered the petition and requested a reduction in the child support payments to $100.00 per month. Plaintiff responded by filing a rule to fix permanent alimony and to increase child support. By judgment dated May 18, 1983, plaintiff was granted a divorce, permanent custody of Frank, Jr., subject to reasonable visitation rights of the defendant, and child support in the amount of $375.00 per month. A separate hearing was held on the issue of permanent alimony. Neither defendant nor his attorney were present in court at *1335 that hearing. The rule was taken up and tried nonetheless and judgment was rendered ordering defendant to pay $225.00 per month to plaintiff in permanent alimony. Defendant thereafter moved for a new trial. This motion was denied by the trial court.
On September 20, 1983, defendant filed a rule to terminate alimony and to reduce the amount of child support. A hearing on the rule was held on September 26, 1983. The trial court denied defendant's motion to terminate alimony and to reduce child support. However, the trial court did reduce the amount of permanent alimony from $225.00 per month to $125.00 per month. Defendant appealed.
Defendant's principal argument on appeal is that the trial court erred in refusing to terminate permanent alimony in light of plaintiff's and defendant's respective employment situations at the time of the hearing. Defendant also contends that $375.00 per month in child support is excessive.

PERMANENT ALIMONY
Article 160 of the Louisiana Civil Code authorizes alimony after divorce "when a spouse has not been at fault and has not sufficient means for support." Article 160 then limits the award of alimony, to a spouse who has been without fault, to one-third of the former spouse's income.
To be entitled to permanent alimony under Article 160, the petitioning spouse must establish that she has insufficient means to support or maintain herself. Frederic v. Frederic, 302 So.2d 903 (La. 1974). A determination as to whether a spouse possesses "sufficient means" within the intendment of Article 160 is not determinable by precise formula. The courts look at various factors but the principal factor to be considered is the relative financial positions of the parties. Boisfontaine v. Boisfontaine, 357 So.2d 90 (La.App. 4th Cir.1978), writ denied, 358 So.2d 644, 645 (La.1978).
As we stated in Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir.1980):
"The term `support' or `maintenance' has been interpreted to include food, clothing, and shelter, the basic necessities of life, Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), as well as reasonable and necessary transportation expenses, utility expenses (such as gas and electricity), medical and drug expenses, household expenses, and income tax liability generated by the alimony payments, Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973)."
On May 16, 1983, the trial court initially awarded Sandra the sum of $225.00 per month in permanent alimony. The record reflects the respective financial positions of the parties at that time to be as follows. On the date of hearing, neither Sandra nor Frank were employed. Sandra had been laid off from her job with Coastal Chemical, Inc. for approximately one month. Frank was laid off by Sealand Contractors, Inc. on April 21, 1983. He had been employed with Sealand since January of that year. Frank was unable to continue crawfishing his uncle's 30-acre crawfish pond as of May 1, 1983. Frank was thus left without any source of income. He was living rent free at the time in a home owned by his mother.
On September 20, 1983, Frank filed a rule to terminate alimony and to reduce child support. A hearing on this rule was held on September 26th. At this point in time, Sandra had secured employment with a Lafayette law firm. Her salary was $1,300.00 per month. Her expenses, as listed in the affidavit which was admitted in evidence at the hearing, were $1,625.00 per month (an increase of $39.44 since the initial hearing). We note here that the affidavit included some expenses which are not within the scope of Article 160, such as the miscellaneous expense item of $200.00 per month which Sandra stated was for "any gifts, any parking fees, any unexpected expenses that might come up ...". Also listed was $250.00 per month in miscellaneous charge accounts. Assuming that this figure represents the purchase of items which are properly compensable under Article 160, then this amount had already been included in the itemized expenses. To allow this figure to be added along with the *1336 other expenses would be to duplicate some of Sandra's expenses. We thus find that her actual expenses, as reflected by her affidavit, as far as Article 160 is concerned, amount to $1,175.00 per month.
Frank, on the other hand, was still unemployed. He was collecting $793.00 per month in unemployment benefits. Frank had resumed crawfishing, but as of that time had not made any profits. Two days prior to the hearing, he began working for his uncle at the rate of $25.00 per day. He stated that his total income would remain at $793.00 per month despite these odd jobs since his unemployment benefits would be reduced by the amount of other income which he received. Frank was no longer living rent-free, but was paying $100.00 per month rent to his mother. He had also taken out two loans from Vermilion Bank and Trust Company in the amount of $300.00.
Frank contends that any award of post-divorce alimony, under the circumstances recited, is erroneous and contrary to Article 160, considering the respective financial situations of the parties.
A spouse who seeks the modification of an alimony award must show a change in circumstances of one of the parties from the time alimony was fixed. Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983); Ducote v. Ducote, 339 So.2d 835 (La.1976).
In the present case, Frank successfully met his burden of proving a change in circumstances justifying a termination of alimony. At the time of hearing, Sandra was gainfully employed at a salary of $1,300.00 per month, with expenses of $1,175.00 per month. Frank's income had increased to $793.00 per month, but so had his expenses. According to his affidavit which was admitted in evidence, his monthly expenses were $750.00 per month, not considering the $375.00 per month which he is obligated to pay for the support of Frank, Jr.
The trial court is vested with much discretion in fixing the amount of alimony and/or child support, and such award will not be disturbed on review unless there has been a clear abuse of discretion or manifest error in the trial court's factual appreciations. Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir.1978); Renfroe v. Renfroe, 428 So.2d 875 (La.App. 1st Cir.1983). Considering this rule and after examining the record in light of such, we find that the trial court did abuse its discretion. When the relative financial positions of the parties are considered, we conclude that Sandra Lopez had "sufficient means for her support" within the meaning of Article 160 as interpreted by the courts of this state. She was thus not entitled to post-divorce alimony. We will therefore reverse the trial court's award of alimony to Sandra observing that our decree is subject to later modification upon a proper showing of a change in circumstances. Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.1983), writ den., 434 So.2d 1094 (La. 1983).

CHILD SUPPORT
The defendant alleges that the trial court erred in granting child support in the sum of $375.00 per month in view of his unemployment and limited income.
It is well settled that, in order to excuse himself from the obligation of providing minimal financial assistance to his child, a husband must show that he is absolutely unemployable, not merely that he is unemployed at the time. Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir.1975); McKenna v. Steen, 422 So.2d 615 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 157 (La.1983).
In his written reasons for judgment, following the increase in child support from $300.00 to $375.00 per month, the trial judge stated:
"The evidence was clear that defendant (husband) has a past history of making a concerted effort to avoid his obligation of child support. It is well settled in this state that a father may not avoid his obligation by not working. Rakosky v. Rakosky, 275 So.2d 421. Further, in order to excuse a husband's obligation to support, he must show that he is absolutely *1337 unemployable, not merely unemployed at the time. Sykes v. Sykes, 308 So.2d 816. While it is true in the instant case that defendant was unemployed at the time of the trial, it is also true that he worked steadily throughout 1983. The earning capacity of the father can be considered in fixing amount of support. Watkins v. Watkins, 424 So.2d 269. The Court is aware of the economic conditions in the area, but also is aware that defendant could earn regular amounts if he so desired."
We agree with the trial judge. There is no showing in the record that the defendant is unemployable.
The record shows Frank Jr.'s monthly expenses to be $660.00. We find no abuse of the trial judge's discretion in ordering defendant to pay child support in the sum of $375.00, in light of his $793.00 per month unemployment draw. There is supportive evidence in the record that defendant is capable of working and earning a sufficient income to pay the ordered child support.
Accordingly, the judgment appealed from is amended, so as to eliminate therefrom the alimony award of $125.00 per month made to Sandra Ann Lopez, and, as amended, it is affirmed at defendant's cost.
AFFIRMED AS AMENDED.