GUIDRY, Judge.
This is an appeal by the relator, Carl A. Hebert, Jr., from the trial court’s judgment on his motion to reduce alimony and child support. Respondent, Terry Ella Picard, has not appealed or answered the appeal.
The parties were divorced on November 16, 1983. The judgment of divorce awarded Terry custody of the two minor children, Carl III and Cora Lynn, and granted Terry alimony in the amount of $600.00 monthly and child support in the amount of $400.00 per month for each of the children. Prior to the filing of the instant rule, Carl III became of age and relator’s obligation for his support ceased. As a basis for the requested relief, Carl alleges a drastic reduction in his income as a result of the termination of his employment with Dresser Industries. The trial court, after a hearing, reduced the child support of Cora Lynn to $200.00 monthly but ordered that the amount of alimony remain at $600.00 monthly.
On appeal, mover urges error in the trial court’s refusal to reduce the alimony award.
The record reflects no real disagreement with regard to the respective financial positions of the parties, at the present time and at the time of the initial award. In November of 1983, Carl was gainfully employed by Dresser Industries earning a gross salary of $5,500.00 monthly. In addition to his salary, he received rentals from his separate property totaling $1,025.00 per month. At the time of the hearing on his motion to reduce, Carl was unemployed with a gross monthly income, derived from unemployment compensation and lease rentals, of $1,845.00. In addition, Carl’s second wife earned approximately $330.00 per month. The record reflects that, upon termination of his employment in early 1987, Carl received $5,700.00 in severance pay and a lump sum retirement payment in the amount of $5,500.00. Although Carl testified that he had used the $5,700.00 to pay outstanding debts, he acknowledged that he still possessed the $5,500.00 and approximately $5,000.00 in savings bonds. On the other hand, respondent’s circumstances were basically unchanged. Terry was not employed and was still totally dependent on alimony and child support for her needs and that of her minor daughter, Cora Lynn. With regard to her unemployed status, Terry testified that she had diligently sought employment locally but, because of the economic situation and competition for jobs, her efforts were without success. Appellant does not question the veracity of Terry’s testimony in this regard but suggests that her efforts to secure employment were limited to the Abbeville area. With regard to the needs of the parties, their affidavits, which were admitted in evidence, reflect the usual, i.e., their needs greatly exceed available income.
Appellee does not question the fact that appellant has suffered a dramatic reduction in monthly income. However, she urges that her needs have remained unchanged and appellant is still able to pay the sum of $600.00 in monthly alimony. Appellant counters this argument urging that, having proved such a substantial decrease in his income, he is entitled to a reduction in his alimony obligation.
A spouse who seeks modification of an alimony award must show a change in circumstances of one of the parties. Ducote v. Ducote, 339 So.2d 835 (La.1976); Lopez v. Breaux, 462 So.2d 1333 (La.App. 3rd Cir.1985). Appellant met his burden in this respect. In response to this showing, the trial court reduced appellant’s child support obligation on behalf of Cora Lynn by one-half but refused to modify the alimony award.
*150 The trial court is vested with much discretion in fixing or modifying an award of alimony and/or child support and such award will not be disturbed on review unless the award or modification thereof is shown to be clear error and an abuse of discretion. Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir.1978); Lopez v. Breaux, supra.
In seeking a modification of his alimony obligation, appellant points to the dramatic reduction in his income since the initial award in 1983. We acknowledge this circumstance. However, during this same period there has been a corresponding reduction in his total obligation of over 40%. Appellee’s needs have remained unchanged. Despite diligent effort, she has been unable to find employment. Under these circumstances, considering the relative financial positions of the parties, we are unable to conclude that the trial court’s refusal to reduce appellant’s alimony obligation constitutes a clear abuse of discretion.
For these reasons, we affirm the trial court judgment. Appellant is cast with all costs of this appeal.
AFFIRMED.